Contracts; disputes; equitable adjustment; Yariation in Estimated Quantities Clause; discount for prompt payment; remand to Contract Appeals Board. — On September 30,1976 the court entered the following order:
*319 Before CowAN, Chief Judge, Dureee, Senior Judge, and SeeltoN, Judge.
“This case comes before the court on Defendant’s Motion for an Order Amending the court’s order of June 25, 1976 and Plaintiff’s Motion for Rehearing. The motions of both parties state that in their briefs and argument to the court, they failed to properly explain or clarify the effect of the decision of the Corps of Engineers Board of Contract Appeals and consequently, that no final judgment can be entered in conformity with the court’s order.
“Upon consideration of the parties’ motions, the court finds that:
“1. On the three contracts the total contract price which the contracting officer allowed and paid to plaintiff was the sum of $1,017,074.01, less a discount of $50,853.71 withheld by the contracting officer because of prompt payment by the government, or a total net payment of $966,220.30.
“2. In support of its counterclaim in the hearing before the Board, the government contended as follows: -
Should the Board determine the Appellant to be entitled to an increase in contract price, under any of the concerned contracts, then the United States believes that it would upon payment of such monies within the discount period be entitled to a 5% prompt payment discount. On the other hand, should the Board reach an equitable adjustment decreasing contract prices, the United States would expect to allow Appellant a credit equal to the prompt payment discount and recover only 95% of the determined reduction.
“3. In the hearing before the court and in its Motion to Amend the Order of June 25, 1976, the government took an entirely different position regarding the claimed cash discount. Before the court the government contends that if the Board’s determination of the adjusted contract prices is adopted, the amounts found by the Board should be further reduced by a discount of 5 percent. Even if it should be decided that the contractual provision covering cash discounts is applicable to the adjusted contract prices, the court finds that this contention is erroneous and rejects it, because it fails to credit the contractor with the previously deducted discount and would impose the discount for prompt payment *320 twice: once upon the original payments made by the contracting officer, and again upon the basis of the Board’s decision.
“4. The plaintiff admits that it has been paid the contract price as stated in paragraph 1 above, but has not admitted that the government is entitled to any discount on the ‘total contract earnings’ as determined by the Board.
“5. There is no indication in the Board’s decision that it made any determination as to the applicability of the cash discount provision of the contracts to the adjusted contract prices found by the Board.
“On the basis of the foregoing, it is hereby
“ordered that the court’s order and judgment of June 25, 1976 is hereby amended in its entirety to read as follows:
“This case comes before the court on the parties’ cross motions for summary judgment under Buie 163(b)(2) in a case involving a review under the Wunderlich Act of a decision rendered by the Corps of Engineers Board of Contract Appeals. Plaintiff was awarded three contracts for removal and disposal of debris caused by hurricane ‘Celia,’ which struck the Gulf Coast in 1970. The actual quantities of debris removed by plaintiff substantially exceeded the quantities estimated in the contracts. The sole issue is the amount of the equitable adjustment to which plaintiff and defendant are entitled for removal of the excess, and the answer requires only an interpretation of the ‘Variations in Quantities’ clause of the contracts. Thus, the case involves a question of law with no factual disputes.
“Upon consideration of the motions and briefs of the parties and after hearing oral argument, the court finds that the decision of the Board as to the contractor’s earnings on the adjustable units under the three contracts is supported by substantial evidence and is correct as a matter of law.
“it is therefore ordered that the decision of the Board is affirmed and the case is remanded to the Corps of Engineers Board of Contract Appeals which is instructed to determine:
“1. Whether the cash discount provision of the contract has any application to the adjusted contract price of the three contracts, and if so, how it is to be applied to each contract.
*321 “2. The amount of the equitable adjustment to which the government is entitled under the Board’s, decision on the San Patricio and Rockport contracts.
“3. The amount of the equitable adjustment to which plaintiff is entitled under the Board’s decision on the Portland contract. . ■
“4. The .net -amount which the government is entitled to recover on its counterclaim.
“Pursuant to Rule 149, court proceedings-shall be stayed for a period not to- exceed 6 months in order to enable the Board to make the determinations stated above. Defendant’s attorney is designated to advise the court, by letter to the trial judge, with a copy to opposing counsel, of the status of the proceedings on remand at intervals of 90 days, or less.
“it is further ordered that except as stated above, the Defendant’s Motion to Alter or Amend the Judgment of June 25,1976 and Plaintiff’s Motion for Rehearing are each hereby denied.”
On May 2,- 1977 plaintiff’s petition for- certiorari was denied.